Mr. Martin appealed from the District Court's denial of relief under the First Step Act. The government has raised for the first time on appeal an additional issue claiming that Mr. Martin was not eligible for relief based on his offense conduct, an issue that it conceded below and an issue that has been decided against the government by every circuit to have addressed it. I think the count is now six, and I sent the court in a 28-day letter two recent cases from the Seventh and First Circuit on that. But that issue has already been argued before this court in a panel preceding this case in the United States v. Davis, which was argued on March 20th and is pending for decision before that panel. So I will focus on the reasons for the District Court's ruling in this case. The District Court here denied relief to Mr. Martin after concluding that a sentence reduction to 181 months from 210 was warranted. Its denial was based on an incorrect legal ruling that a sentence to a term of less than time served could not be imposed under the First Step Act. In this case, Mr. Martin could obtain no relief if the court imposed a sentence of time served because he had already served his 210-month term with good time, and that was the term that was eligible for reduction, but he was still serving two consecutive 12-month sentences and so was still in prison. But if the court imposed the equivalent term of months to time served, that was 188 months in this case, he would have obtained relief because the DOP treats the three terms as one continuous sentence. Therefore, the consecutive 12-month sentences would have been backed up to what started at the end of a 180-month term instead of a 210-month term. Now, this kind of relief has been afforded in many cases. Several have set forth in my brief, including District Courts in this circuit and elsewhere. There's nothing unusual about it, but the District Court here held that it was not allowed, that it could not impose a sentence of less than time served under the First Step Act, and this is incorrect. There is no such limitation in Section 404 of the Act. The court ruled, however, that the prohibition should be implied into the Act because Guideline 1B1.10 bars a retroactive guidelines reduction to less than time served. But this is not a guideline. Do you have one minute left of your initial three? Thank you. Okay. This is not a guidelines reduction in this case, and 1B1.10 has no bearing on it. A motion for a reduced sentence based on a retroactive guideline reduction is brought under 18 U.S.C. 3582C2, which expressly requires any reduction to be consistent with the Guidelines Policy Statement. And all of the cases cited by the government in this brief at page 48 are guideline reduction motions under Section C2, and all the holdings are based on that Guideline 1B1.10, which has no application to a First Step Act reduction. The First Step Act reduction falls under 3582C1B, and there is no reference to the Guidelines Policy Statement. In fact, this court just held in Holloway that because First Step Act reductions fall under 3582C1B, they are not limited by Guideline 1B1.10. So, this report was just incorrect. It could have imposed a term of months less than time served, which would have provided relief to Mr. Martin, and therefore the motion was not moved. Can I just ask, just to make sure I'm understanding your argument, if your client had been released from prison on the drug conspiracy charges, and had, let's say, finished his supervised release, and had then committed new crimes and been sentenced, and had then moved for FSA relief, I know that sounds pretty far-fetched, but it had then moved for relief while in prison in connection with the new crimes, that case would be moved, right? Yes, exactly. Okay. But only because there would be no relief left available to him on his original sentence. Now, so, and that's what the court- How is that any different than the fact that while he's in jail, while he is incarcerated, he served his sentence, and the sentence is over with. He's now being held on a different charges and serving a, quote, different sentence. It's just, that sentence just happens to be consecutive to the earlier one. I don't, how is that any different than what the situation he's in? Because he still, he still can obtain relief under the, actually under the original sentence, the FSA- I would have thought you would have, I would have thought you would have told Judge Livingston that he could have gotten relief such that anything that's made consecutive or a new he'd get credit for. No, well, I- I don't understand. Why is he, why is it different? Would he be entitled to habeas relief? If he'd served his time and done his sentence, and there was some constitutional defect in his original charge that held him for the time that he'd actually served, that he'd served, and that sentence was complete, would he be entitled to habeas relief based on a new conviction with regard to the time, with the conviction for which the time he had served? No. On a new conviction, on a subsequent conviction where he'd already been out? No, no, no. Let's do Mr. Martin. Presume Mr. Martin brings a habeas claim with regard to something that occurred that was unconstitutional with regard to his drug conviction for which he sought relief from Judge Kogan. Given the fact that he had served his sentence and there was no longer in any way able to cause unable to effectuate any relief to him, he'd have no habeas claim, would he? It would be moved, right? Is this a situation where he's serving a directly consecutive sentence after that or not? Right, right, right, yes. No, it would not be moved because he would still be, he would still be, relief would still be available. Just as this court held in Holloway that even though the defendant, there was no consecutive sentence there, but the defendant had finished his sentence and because they couldn't afford him any relief on, they could not, the court could not afford any relief on the prison term. However, the case still was not moved because he could get some relief on his supervised release term. So it's the consecutive, it's the consecutive, excuse me, it's the consecutive nature of those two additional sentences that are crucial? Yes, it's the fact that he is still, he is still in prison based on the combination of his FSA eligible sentence with his consecutive sentences so that if he can still get relief on the FSA eligible sentence because his consecutive sentences would simply be backed up under the DOP policy which considers it all one sentence and he would be released earlier. Just to be sure, just to be sure I understand, the consecutive sentences that you're referring to now are those two one-year sentences for misbehavior while he was in? Yes. Okay, I just want to make sure I know what you're talking about. Okay. That's correct, that's correct. So therefore we contend that the court, since relief could have been granted under, even this motion was not moot and the court's denial was based on a legal error. Now, on the motion for reconsideration, the court adhered to its ruling, again relying on Legere, a Western District of New York case that held that guideline 1B1 incorrectly, held that guideline 1B1 10 applied and a theory that somehow granting relief in this case would allow him to bank time against future offenses. Now, that theory makes no sense as I explained in my brief and there's no such thing as banking time against a future sentence. The government concedes in its brief that any judge can consider and it's free to reject any request for a lower sentence based on some past unfairness, but there's no such thing as automatic bank time. Excuse me, you have one more minute of your total time. Okay. And then it makes so little sense that it's actually backwards because if there were some judge out there who would give credit on a future sentence based on an unfairness in the past, there would be much less likelihood that that would ever happen if Mr. Martin actually got his First Step Act relief because there would be no injustice to rectify. Can I just ask, on the motion for reconsideration, the district court also said it would decline in its discretion to grant relief. It did say that, Your Honor. Yeah, so why doesn't that settle the issue here in essence? Because if one sentence discretionary, alternative discretionary ruling was based on the same legal reason, it referred to what it called the same policy reasons, which were these prohibition and the bank time series. When you look at the policy reasons it refers to, that's at A205, those are the reasons. It's just in my discretion, I would rule the same way based on these reasons that are wrong. But you concede then that if it were to go back to the district court, the district court could on legitimate other grounds decline to grant him the relief. Yes, it could. It is a discretionary ruling. It's just that the discretion has to be based on correct legal ruling. Right. Thank you. Thank you. You've reserved some rebuttal time. Good morning, Your Honors. My name is Andre Spector and I represent the government on this appeal. Mr. Martin is in prison today with a projected release date of this coming September, not because he's serving a sentence from a crack-related offense, but because he committed two additional federal crimes. And neither the Fair Sentencing Act nor the First Step Act was meant for defendants like Mr. Martin. Leaders of large-scale violent drug trafficking operations who are in prison not for dealing relatively small amounts of crack cocaine, but because they could not stop committing crimes even while incarcerated. Now, there are two interesting statutory questions presented by Mr. Martin's appeal, one of which I recognize a prior panel that included Judge Wesley Hurd, but this court did not reach either of those statutory questions today. And that's because Judge Kogan did not abuse his discretion when he explicitly and deliberately exercised his discretion declining to reduce Mr. Martin's sentence. Judge Kogan considered Mr. Martin's arguments. He carefully reviewed the record, including the original sentencing transcript, the co-defendant sentences, and Mr. Martin's conduct, and he issued three well-reasoned written opinions. In a third one, he declined to issue the sentence reduction because of Mr. Martin's two separate convictions. Mr. Martin does not argue that either his offense conduct or his post-offense conduct was somehow irrelevant, and the district court had a reasoned basis for exercising its decision-making authority. Unless Your Honors have questions about the statutory issues, I will rest on our submission for those arguments and ask that the court confirm Judge Kogan's decision. Well, I guess I do have some questions about the statutory argument. I mean, why doesn't the plain language of the First Step Act permit imposition of a sentence less than time served? It says the court can impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed. And as your adversary points out, the limitations provision doesn't limit that reduction to time served. So what prohibits it here? I'm having a little difficulty. Help me understand. Well, Your Honor, I think it's the focus of the quote-unquote covered offense in the statute. Mr. Martin is serving a time not for a covered offense. He's serving a time for a separate offense. So it's the focus of the covered offense. And I agree that the statute did not contemplate this unusual circumstance that we have today. I think we can see that. But it's focused on the covered offense is what prohibits the release that he's seeking. Unless you accumulate them all, in which case he's serving it on the drug offense, on the two one-year misconduct offenses, on carrying the gun. I mean, it's all one. You can't say, well, first he serves one and then he serves the others. That's the question. I mean, what those last two are part of, isn't it? I mean, whether the last two years are part of a single sentence that we're looking at single incarceration or whether they're separate. Well, there's no dispute, Your Honor, that he has finished serving his time as of between somewhere between last September and December. The parties agree on that. And that he began at that point serving the two consecutive sentences that he received. But he has finished serving the time for a covered offense. The reason that they're sort of aggregated is because of the way the BOP aggregates sentences. It's not because we still don't know whether he's serving that first time. The aggregation is an administrative matter. Judge, when he was originally sentenced, he wasn't sentenced to 210 months plus anything else that becomes consecutive thereafter. His sentence with regard to the drug conviction was 210 months or whatever it was. Correct? Correct. I mean, there's the sentence, the judgment that put him in prison had a definitive number of months to it. The fact that he does something wrong in prison later on and gets adjudicated something else produces additional sentences that are then calculated either by judicial fiat or by function of law as to whether they're consecutive or he can get credit for time being served on both of them at the same time. Correct? Correct. So, I mean, there's a tendency to think about the sentences, the time he's doing in terms of one continuous thing, but the sentences, the sentence, the term sentence is a distinct legal matter defined in the statute so that when he originally went to jail, there was a judgment of sentence that was 210 months. Is that the case? That's exactly right. All right. Now, let me ask you this. If he was still serving the 210 months and had accumulated additional sentences, you're not saying that he couldn't have applied for relief under the First Step Act, are you? And that the relief could have gone back before time served. It could have given him, the judge could have said, okay, I'm going to give you 120 months. The judge not precluded from doing that, was he? What do you mean? If he was still serving... I'm sorry, Your Honor, if he was still serving... If he was still held on the sentence, the drug sentence, if he was still doing time, days were being credited against the drug sentence, if that was what was holding him there at that moment in time, he's eligible for a reduction in the sentence, which could have gone below the amount of time he'd actually done, could it not? Yes, Your Honor. Thank you. We would not have a mootness argument to make in that circumstance. Okay. Thank you. Thank you, Your Honors. Unless you have any other questions, we rest on our submission. Thank you. Okay. So just a brief rebuttal. Ms. Cassidy, yes. Yes. Okay. The Act, the First Step Act, does not say anywhere that a defendant must be serving the sentence now to get any release. In fact, in prison now on the first sentence. In fact, if that were the case, Holloway would have come out the other way. Because Holloway had finished serving his sentence, but the court... No, he was seeking a reduction. Wait a second. He was seeking a reduction in his supervised release. He wasn't seeking a reduction. He was seeking something that the court could say give him release on. Right. That's not... Please, please, don't mischaracterize a case that all of us have read. Okay. But in Holloway, though, the court held that the First Step Act applied. It's just that on the mootness issue... Sure. He was in custody. He was in a custodial state. He was still subject to supervised release. Right. And that... Okay. In this case, the defendant... It was all about the release that was available. Holloway... The mootness part of it was how can we grant... How can release... Can release still be granted? And we can't do anything about the prison sentence because he's already been released, the court ruled, but he can still get release on his supervised release. So it's not moot. Here, there can't... In this case, it's not moot because the defendant can still get release, release even on his prison sentence. It's not that he's getting a reduction in the consecutive sentences. It's that if he gets a reduction on a sentence imposed that is eligible under the First Step Act, that that just backs up those consecutive sentences so that they have started earlier, so he still gets relief. There's nothing in the act that says that a defendant must be serving that sentence now. And this was what they... Excuse me. Just stop for a second. Believe me. You're not being inappropriate. This is just the difficulty of the circumstances that we're in. So please. And we're just... I'm just trying to figure this out like my colleagues are. But tell me, if he had been released... I want to go back to the first hypo you got from Judge Livingston. If he had been released and had done his supervised release, so he wasn't Holloway, if he had been released, could he have gone to a district court judge and said, I want you to reduce my sentence that I served for the drug conviction? No, because in that case, it's not because he wouldn't be eligible under the First Step Act, though. He would be eligible under the First Step Act for a reduction of that offense. But he would be eligible under the... Let me finish. I asked a question. Let me ask you one more question, then I'll let anybody else ask questions. Let me ask you a question. What judgment holds him in jail today? Both. The judgment for the misdemeanor convictions in prison, do they not? The judgment for the felony drug conviction no longer holds him in prison, does it? Yes, that's correct. But that is not addressed in any way in the act. Okay. Then how does the modification of that judgment change anything? Because if modification of that first judgment is reduced to 188 months, then he's out of prison because the DOP would calculate his subsequent conviction as starting earlier. Just to look at the fact that an FSA-eligible sentence can have at the same time a consecutive sentence imposed with it, like a consecutive gun charge, for example. And Congress certainly intended, because it did not bar a reduction below time served, although that had been barred in the guidelines and everybody knew that such a thing could exist, it did not bar it because, of course, it intended for someone doing, say, a drug, a crack sentence with a 924C consecutive to get the benefit of that first step act reduction, even if he had already technically finished the drug sentence and was now into the five-year consecutive on the 924C. This is like that. This is like that situation. It's true that it's a bit different because he incurred those convictions later, but that's something the judge can take into consideration in the exercise of his discretion. It is not a legitimate basis to deny relief legally. Okay. So just summing up, there's nothing in the language of the Act that prohibits a sentence to lower than time served, and so the only argument against this is a determination that it's moot and that it's not moot because you can still afford relief because of the particular situation that your client finds himself in. Yes, that's exactly correct, Your Honor. Thank you very much, Ms. Cassidy. Thank you. Thank you both. Nicely argued on both sides, and we'll take the matter under advisement. That concludes the argued portion of the calendar, so we'll adjourn court. Thank you all. Court stands adjourned.